Dear Mr. Provosty:
Your opinion request regarding the reimbursement of attorney fees for an employee of a political subdivision, the England Economic and Industrial Development District, who received a judgment of acquittal pursuant to Code of Criminal Procedure Article 894 has been received and forwarded to me for response.
The England Economic and Industrial Development District may reimburse the employee's reasonable attorney fees. I have enclosed Attorney General Opinion No. 01-0405, released December 4th, 2001, which addresses the same situation.
We trust that this adequately responds to your request. Please feel free to contact us if we may be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ THOMAS L. ENRIGHT, JR. ASSISTANT ATTORNEY GENERAL
RPI/TLE:dsc
Enclosure
OPINION NUMBER 01-0405
December 4, 2001
90-A-1 Public Funds Contracts La.R.S. 13:5108.3
La.R.S. 42:1442
City of Winnfield may reimburse its employee for attorney fees incurred in his defense provided that the fees are reasonable.
Honorable Deano Thornton Mayor, City of Winnfield P.O. Box 509 Winnfield, LA 71483
Dear Mayor Thornton:
We received your request for an opinion regarding the use of city funds. You question if the City of Winnfield may reimburse one of its employees for attorney fees paid by the employee in defense of a traffic violation committed during the course and scope of his employment with the City of Winnfield.
La.R.S. 13:5108.3, as amended in the 2001 Regular Session, pertains to the payment of legal fees incurred in the defense of a state official, officer, or employee. Although the statute does not address local officials, officers or employees, our office has consistently opined that public funds may be used to reimburse attorney fees incurred by a local official, officer or employee in the defense of an investigation and/or prosecution of criminal charges which arise out of the performance of his or her official duties and the prosecution results in an acquittal, dismissal or is quashed, provided the fees are reasonable. See Atty. Gen. Op. Nos. 99-180, 99-17 and 99-117. You mention La.R.S. 42:1442 in the request; however, that statute pertains to law enforcement officers employed by the state or political subdivisions thereof. The employee at issue was working for the city as a volunteer firefighter not as a law enforcement officer.
As indicated in your request, the employee received a traffic citation during the course and scope of his employment with the City of Winnfield. You further indicate that the charge was dismissed pursuant to Code of Criminal Procedure Article 894. An 894 dismissal has the same effect as an acquittal.
Therefore, based upon the information provided in your request, it is our opinion that the City of Winnfield may reimburse its employee for attorney fees incurred in his defense provided that the fees are reasonable.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:dam
Date Released: December 4, 2001